IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SAXON INNOVATIONS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| vs. | § § | |
| APPLE, INC.; GATEWAY, INC. GATEWAY COMPANIES, INC.; ACER AMERICA CORP.; ACER, INC. HEWLETT-PACKARD CO.; DELL, INC.; | § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

Plaintiff Saxon Innovations, LLC ("Saxon") files this Complaint for patent infringement and alleges against Acer America Corp. and Acer, Inc. (collectively, "Acer"); Apple, Inc. ("Apple"); Dell, Inc. ("Dell"); Gateway, Inc. and Gateway Companies, Inc. (collectively, "Gateway"); and Hewlett-Packard Co. ("HP") (all collectively "Defendants") as follows:

### THE PARTIES

1. Plaintiff Saxon Innovations, LLC is a Texas corporation. Saxon maintains corporate offices at 100 E. Ferguson, Suite 816, First Place, Tyler, TX 75702. Saxon is in the business of licensing technology related to communications, computer, and other electronics products.

2. Acer America Corp., on information and belief, is a corporation organized under the laws of the State of California with a principal place of business at 333 West San Carlos Street, Suite 1500, San Jose, California 95110. Acer, Inc., on information and belief, is a

Taiwanese corporation with a principal place of business at 8F, 88, Sec 1, Hsin Tai Wu Rd., Hsichih 221, Taiwan. Acer, Inc., on information and belief, is doing business in Texas, including business within this judicial district, directly or through its subsidiary, Acer America Corp. More particularly, on information and belief, Acer manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. Acer may be served with process by serving its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201.

3. Apple, Inc., on information and belief, is a corporation organized under the laws of the State of California with a principal place of business at 1 Infinite Loop, M/S 38-3TX, Cupertino, California 95401. Apple, on information and belief, is doing business in Texas, including business within this judicial district. More particularly, on information and belief, Apple manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. Apple may be served with process by serving its registered agent CT Corporation System, located at 350 North St. Paul Street, Dallas, TX 75201.

4. Dell, Inc., on information and belief, is a corporation organized under the laws of the State of Delaware with a principal place of business at 1 Dell Way, Round Rock, Texas 78682. Dell, on information and belief, is doing business in Texas, including business within this judicial district. More particularly, on information and belief, Dell manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. Dell may be served with process by serving its registered agent, Corporation Service Company, located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5. Gateway Companies, Inc., on information and belief, is a corporation organized under the laws of the State of Delaware with a principal place of business at 7565 Irvine Center

848015v1/010801

Drive, Irvine, California 92618. Gateway, Inc., on information and belief, is also a corporation organized under the laws of the State of Delaware with a principal place of business at 7565 Irvine Center Drive, Irvine, California 92618. Gateway, Inc., on information and belief, is doing business in Texas, including business within this judicial district, directly or through its subsidiary, Gateway Companies, Inc. More particularly, on information and belief, Gateway manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. Gateway may be served with process by serving its registered agent, CT Corporation System, located at 350 N. St. Paul Dallas St., Texas 75201.

6.   HP, on information and belief, is a corporation organized under the laws of the State of Delaware with a principal place of business at 3000 Hanover Street, Palo Alto, California 94304. HP, on information and belief, is doing business in Texas, including business within this judicial district. More particularly, on information and belief, HP manufactures for sale and/or sells computers in the United States and, more particularly, in the Eastern District of Texas. HP may be served with process by serving its registered agent, CT Corporation System, located at 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION

7.   This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

## VENUE

8.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because the Defendants are subject to personal jurisdiction in Texas based on their activities in the Eastern District of Texas.

848015v1/010801

## COUNT I—INFRINGEMENT OF U.S. PATENT NO. 5,592,555

9. On January 7, 1997, United States Patent No. 5,592,555 (the "'555 Patent") titled "Wireless Communications Privacy Method and System" was duly and legally issued by the United States Patent & Trademark Office ("PTO"). Saxon holds all rights and interests in the '555 Patent, a true and correct copy of which is attached as Exhibit A to this Complaint.

10. On information and belief, each of the Defendants have been and continue to infringe, contribute to the infringement of, and/or induce others to infringe the '555 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of the Defendants is liable for its infringement of the '555 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

11. The Defendants' acts of infringement are irreparably harming and causing damage to Saxon.

12. Defendants will continue to infringe the '555 Patent unless enjoined.

13. On information and belief, one or more of the Defendants were aware of the '555 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented invention. Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

## COUNT II—INFRINGEMENT OF U.S. PATENT NO. 5,502,689

14. On March 26, 1996, United States Patent No. 5,502,689 (the "'689 Patent") titled "Clock Generator Capable of Shut-Down Mode and Clock Generation Method" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '689 Patent, a true and correct copy of which is attached as Exhibit B to this Complaint.

848015v1/010801

15. On information and belief, each of the Defendants have been and continue to infringe, contribute to the infringement of, and/or induce others to infringe the '689 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of the Defendants is liable for its infringement of the '689 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

16. The Defendants' acts of infringement are irreparably harming and causing damage to Saxon.

17. Defendants will continue to infringe the '689 Patent unless enjoined.

18. On information and belief, one or more of the Defendants were aware of the '689 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented invention. Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

### COUNT III—INFRINGEMENT OF U.S. PATENT NO. 5,530,597

19. On June 25, 1996, United States Patent No. 5,530,597 (the "'597 Patent") titled "Apparatus and Method for Disabling Interrupt Masks In Processors or the Like" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '597 Patent, a true and correct copy of which is attached as Exhibit C to this Complaint.

20. On information and belief, each of Apple, Dell, and HP have been and continue to infringe, contribute to the infringement of, and/or induce others to infringe the '597 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. Each of these Defendants is liable for its infringement of the '597 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

21. Apple's, Dell's, and HP's acts of infringement are irreparably harming and causing damage to Saxon.

22. Apple, Dell, and HP will continue to infringe the '597 Patent unless enjoined.

23. On information and belief, one or more of Apple, Dell, and HP were aware of the '597 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented invention. Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

### COUNT IV—INFRINGEMENT OF U.S. PATENT NO. 5,235,635

24. On August 10, 1993, United States Patent No. 5,235,635 (the "'635 Patent") titled "Keypad Monitor With Keypad Activity-Based Activation" was duly and legally issued by the PTO. Saxon holds all rights and interests in the '635 Patent, a true and correct copy of which is attached as Exhibit D to this Complaint.

25. On information and belief, HP has been and continues to infringe, contribute to the infringement of, and/or induce others to infringe the '635 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention without a license. HP is liable for its infringement of the '635 Patent pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

26. HP's acts of infringement are irreparably harming and causing damage to Saxon.

27. HP will continue to infringe the '635 Patent unless enjoined.

28. On information and belief, HP was aware of the '635 Patent and nevertheless continued to make, sell, use, offer for sale, and/or import into the United States products embodying the patented invention. Plaintiff therefore seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

848015v1/010801

**JURY DEMAND**

29.     Plaintiff demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

30.     Plaintiff seeks a declaration that each of the Defendants has infringed the '555 Patent and the '689 Patent.

31.     Plaintiff seeks a declaration that each of Apple, Dell, and HP has infringed the '597 Patent.

32.     Plaintiff seeks a declaration that HP has infringed the '635 Patent.

33.     Plaintiff seeks an order permanently enjoining each of the Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '555 Patent and the '689 Patent.

34.     Plaintiff seeks an order permanently enjoining each of Apple, Dell, and HP and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '597 Patent.

35.     Plaintiff seeks an order permanently enjoining HP and its respective officers, agents, employees, and those acting in privity with them, from further infringement of the '635 Patent.

36.     Plaintiff seeks an award of damages arising out of Defendants' infringement of the '555 Patent and the '689 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

37.     Plaintiff seeks an award of damages arising out of Apple's, Dell's, and HP's infringement of the '597 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

38. Plaintiff seeks an award of damages arising out of HP's infringement of the '635 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest, in an amount according to proof.

39. Plaintiff seeks an award of its attorney fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

40. Plaintiff seeks such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Stephen D. Susman*
Stephen D. Susman
State Bar No. 19521000
E-Mail: ssusman@susmangodfrey.com
Max L. Tribble, Jr.
State Bar No. 20213950
E-Mail: mtribble@susmangodfrey.com
Joseph S. Grinstein
State Bar No. 24002188
E-Mail: jgrinstein@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Justin A. Nelson
State Bar No. 24034766
E-Mail: jnelson@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

848015v1/010801

Michael F. Heim
State Bar No.: 09380923
Federal ID: 8790
Email: mheim@hpcllp.com
Russell A. Chorush
State Bar No. 24031948
Email: rchorush@hpcllp.com
Micah J. Howe
State Bar No.: 24048555
Email: mhowe@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone:    (713) 221-2000
Facsimile:    (713) 221-2021

Johnny Ward
Email: jw@jwfirm.com
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Telephone    903-757-6400
Facsimile    903-757-2323

848015v1/010801

## **EXHIBIT LIST**

EXHIBIT A: United States Patent No. 5,592,555

EXHIBIT B: United States Patent No. 5,502,689

EXHIBIT C: United States Patent No. 5,530,597

EXHIBIT D: United States Patent No. 5,235,635